[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10572
Non-Argument Calendar

_____

D. C. Docket No. 08-01166-CV-ODE-1

PRIMATE FREEDOM PROJECT, INC.,
a non-profit corporation,

Plaintiff-Appellant,

versus

REGENTS OF THE UNIVERSITY OF CALIFORNIA,
in each of their official and individual capacities,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 28, 2009)

Before CARNES, WILSON and HILL, Circuit Judges.

PER CURIAM:

This appeal involves claims brought under the First Amendment and free speech provisions of the Georgia Constitution by Primate Freedom Project, Inc. (PFP) against The Regents of the University of California (Regents), twenty-six individuals who have been sued in their individual and official capacities. PFP is a Georgia non-profit corporation. It describes itself primarily as an informational group, whose supporters rely upon it to provide information on primate testing.

There exists a separate entity in California with a similar name, UCLA Primate Freedom (UCLA PF). Regents and UCLA PF are adversaries in a state court action in California.[1] PFP is not a party to that action. PFP has no formal relationship with UCLA PF.[2]

Asking for declaratory and injunctive relief, as well as nominal and actual damages, PFP claims that its constitutional rights have been violated by certain notices sent by Regents to UCLA PF, yet received by PFP. PFP claims that it has received extensive correspondence, including letters, emails and voicemails,

[1] As a result of the action filed by Regents in California state court against UCLA PF, a temporary restraining order issued based upon continued harassment and threats of serious bodily injury directed at employees of Regents, from individuals and extremist organizations opposing animal research. Indeed, "Molotov Cocktails" were ignited at Regents employees' homes.

[2] While PFP and UCLA PF are unrelated entities, PFP does publicize and allows postings on its website of UCLA PF's activities.

2

asserting that UCLA PF has violated certain of the injunctive orders issued by the California state court.[3]  As a result of these alleged violations, suit was filed by PFP in federal district court in Georgia against Regents.

In its order, the district court found that PFP lacked standing to bring suit against Regents in federal court as the allegations in PFP's complaint did not satisfy the requirement of an injury in fact.  *See Camp Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1268 (11th Cir. 2006).  It determined that it was clear from the face of the complaint that neither PFP nor Jean Barnes is a party to the California state action and has no formal relationship with UCLA PF.  The district court dismissed the complaint.  We agree.

Having considered the briefs of the parties, arguments of counsel, and the record on appeal, we affirm the well-reasoned, thorough order of the district court dated January 5, 2009, granting Regents' motion to dismiss PFP's complaint on the basis that PFP had no standing to bring suit.  The judgment of the district court is affirmed.

AFFIRMED.

---

[3] Jean Barnes, the registered agent listed as the registered address for PFP, received these communications apparently because Regents was unable correctly to locate or identify the proper contact information for UCLA PF.